ARCHER v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

MORTGAGES (§ 495*)—FORECLOSURE—ORDER OF SALE—MOTION TO RESETTLE.

Where a complaint in an action to foreclose alleges that, after the making of the mortgage by an executor covering all his interest in the estate, the executors named in the will had conveyed a portion of land described as lot No. 10, and the complaint further shows that lot No. 16 is the portion so conveyed, a motion to resettle the order of sale, so as to exclude from such order parcel No. 16, was properly granted, over objections by plaintiff attacking the bona fides of the sale, in that plaintiff was bound by the allegations of the complaint as to the sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. § 495.*]

On motion to resettle order. Granted.

For former opinions, see 147 App. Div. 44, 131 N. Y. Supp. 661; 132 N. Y. Supp. 150.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Harvey De Baun, for the motion.
Fred W. Penny, opposed.

PER CURIAM. As the judgment now stands, after modification in accordance with the order of this court entered herein on the 10th day of November, 1911, there seems to be a conflict in its provisions. It directs a sale of the whole of parcel No. 10, but provides that parcel No. 16, which it seems is a portion of parcel No. 10, should not be sold. In describing so much of the property mortgaged as was owned by Michael A. Archer, one of the parcels was

designated as parcel No. 10. The complaint, however, contained an allegation that subsequently to the making of the mortgage the executors named in the will had conveyed a portion of parcel No. 10 which it describes, and it subsequently appears in the complaint that parcel No. 16 is the portion so conveyed. The defendants and appellants move to resettle the order, so that it shall exclude from the lien of the mortgage and the direction for sale so much of parcel No. 10 as is specifically described as parcel 16.

In affidavits submitted in opposition to the motion to resettle, respondents attack the bona fides of this sale. We think they should be held to the allegations of their complaint. Inasmuch, however, as the sale by the executors was had after the execution of the mortgage, it may be that in appropriate proceedings the interests of Allison M. Archer and those claiming under him in such proceeds of sale may be reached by the plaintiff. Sayles v. Best, 140 N. Y. 368, 35 N. E. 636. The pleadings were not framed, nor was this action tried, upon any such theory, however, and we feel that we are in no position at the present time to grant any such relief.

The order of November 10, 1911, should be resettled, so that it should provide that the judgment appealed from is modified by excepting from the lien of the mortgage and the direction for sale parcels 11 to 15, inclusive, and so much of parcel 10 as has been sold by the executors and is specifically described as parcel 16, but without prejudice to proceedings in the Surrogate's Court to compel said executors to account for the proceeds of the sale of parcel 16 and pay the same over to the plaintiffs.

An application is also made by the appellants for some relief in an action between the same parties described as action No. 2. The record in said action is not before us, and we are not in a position to grant any relief therein. It is quite possible that entire relief in that action may be obtained by appropriate application to the Special Term.

Motion to resettle order granted, without costs.